**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| TERRY JORDAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ARCHER DANIELS MIDLAND,<br><br>　　　　Defendant. | No. C06-0168-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff filed such application on November 28, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint[1], a Right-To-Sue letter and several other documents.[2]

## *II. IN FORMA PAUPERIS APPLICATION*

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that

---

[1] Although the plaintiff relies on 42 U.S.C. § 1983, it appears that the plaintiff's action could have been brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and/or Chapter 216 of the Iowa Civil Rights Act ("ICRA"). *See Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987) (stating that, pursuant to the Federal Rules of Civil Procedure, relief under Title VII and 42 U.S.C. § 1983 may be demanded).

[2] The court notes that, on November 28, 2006, the plaintiff also submitted applications to proceed in forma pauperis and complaints in three additional cases. *See Jordan v. Newell Machinery Company*, Case No. 1:06-cv-00166-LRR (N.D. Iowa 200_); *Jordan v. Universal Engineering Corp.*, Case No. 1:06-cv-00167-LRR (N.D. Iowa 200_); *Jordan v. Terex Corporation*, Case No. 1:06-cv-00169-LRR (N.D. Iowa 200_).

shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[3] When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating that the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

After it determines the granting of in forma pauperis status is appropriate, a court may require a plaintiff to submit partial payments or installment payments of the filing fee.

> The ordering of a partial payment or an installment payment for court fees fits within the [language of 28 U.S.C. § 1915. Subsection (a) of 28 U.S.C. § 1915] does not say that upon granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an

---

[3] Although 28 U.S.C. § 1915(a) refers to prisoners, it is appropriate for the court to review the plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

>action without prepayment and look to cash flow and assets in order to secure post-payment.[4]

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 W.L 1760980 (M.D. N.C. 2002). Like an inmate at a prison, a party from the general public may not be able to make full payment at a particular time but may have the ability to pay over a period of time. In some instances, the court may require partial payments or installment payments of the filing fee because it is permissible and desirable to collect such payments.

Here, the plaintiff makes several statements regarding his request to proceed without prepayment of the fees and costs. Given the statements the plaintiff made in his application to proceed in forma pauperis, the court is satisfied that his allegation of poverty is true. *See Lee*, 231 F.3d at 458-59 (stating that a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis); *see also Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (concluding that the requirements of 28 U.S.C. § 1915 were met because plaintiff received public assistance income of $222.00 per month, had checking account balance of less than $60.00, owned an automobile on which he owed $3600.00, and had other debts totaling $10,000.00); *cf. Marceaux v. Democratic Party*, 79 Fed. Appx. 185, 186, 2003 U.S. App. LEXIS 22312, 2003 WL 22455419 (6th Cir. 2003) (concluding that the district

---

[4] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

court did not abuse its discretion when it determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items). Accordingly, the plaintiff's application to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee.

Although it has determined that the granting of in forma pauperis status is appropriate in this case, the court also finds that requiring the plaintiff to submit partial payments or installment payments of the filing fee is permissible and desirable. Although he shall not be required to submit an initial partial filing fee, the plaintiff shall submit to the Clerk of Court monthly payments of $5.00 until the $350.00 filing fee is paid in full. *Cf.* 28 U.S.C. § 1915(b)(2), *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee).[5]

### III. THE PLAINTIFF'S COMPLAINT

The plaintiff submitted a complaint under 42 U.S.C. § 1983. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendant is located in this district and the events giving rise to the instant action occurred in this district.

In the statement of the claim portion of the complaint, the plaintiff wrote:

> [I am] filing this complaint because the reasons [Archer Daniels Midland] didn't hire me could've been resolved at an interview. The football issue was something I told them about because it was something positive I did. Job service told me [to] write in production worker in the job objective area.

---

[5] The court notes that the plaintiff has not paid any portion of the $150.00 filing fee assessed in *Jordan v. Cedar Rapids Police Department*, Case No. 1:04-cv-00159-LRR (N.D. Iowa 2004), or the $150.00 filing fee assessed in *Jordan v. Iowa Quality Beef*, Case No. 1:04-cv-00022-LRR (N.D. Iowa 2005). Given the fact that the plaintiff has been employed, the court is bothered by the plaintiff's failure to comply with its previous orders. As previously directed by the court, the plaintiff should immediately begin making installment payments with respect to those filing fees.

> That's no reason to disqualify me from the job [that I applied] for. The second job I applied for [that] they didn't even call me for was a welding job. I went [to] college at Kirkwood for welding and have a lot of experience and schooling in that area. I feel [that,] because of a prior complaint filed about a production job[,] I didn't get the one welding at Archer Daniels Midland.

In the request for relief portion of the complaint, the plaintiff states:

> [I am] asking the [court to] grant me [in forma pauperis status] and [I am] asking for $500,000.00 in relief. [I am] also asking for a job at Archer Daniels Midland in welding because that's what I went [to] school for.

### IV.  DISCUSSION

#### A.  Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

#### B.  Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### C. The Plaintiff's Claim

"[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n.*, 713 F.2d 414, 415 (8th Cir. 1983). A private party, however, can be held liable under 42 U.S.C. § 1983 if it acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590.[6] Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson*, 419 U.S. at 351). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . [even though] the regulation is extensive and detailed." *Jackson*, 419 U.S. at 350.

Here, the complaint fails to aver that the defendant was a state actor or acting under color of state law when the plaintiff's constitutional rights were allegedly violated; the plaintiff's allegations do not establish state action. The defendant is clearly a private corporation.[7] Further, any conduct of the employees of the defendant may not be fairly

---

[6] The court notes that the "under color of state law" element of 42 U.S.C. § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 ((1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

[7] The Secretary of State for the State of Iowa maintains an online database of Iowa
(continued…)

7

attributed to the State. *See Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because the defendant cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

To the extent that he intended to rely on Title VII and/or the ICRA, the plaintiff also failed to state a claim upon which relief can be granted. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ICRA makes it unlawful for an employer "to discharge any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the age, race, creed, color, sex, national origin, religion, or disability of such applicant or employee." Iowa Code § 216.6(1)(a).[8] Here, the plaintiff makes no allegations regarding race, color, religion, sex, or national

---

[7](…continued)
corporations. It may be accessed at the following address: www.sos.state.ia.us/corp/corp_search.asp.

[8] In the past, the Iowa Supreme Court has applied the principles and the analytical framework of federal law to civil rights cases under the ICRA. *See Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 893-94 (Iowa 1990) (listing cases). Therefore, the court analyzes the plaintiff's claims under Title VII and all references to Title VII incorporate the ICRA.

origin. Rather, the plaintiff merely alleges that the defendant failed to call or interview him and states that the reasons the defendant failed to hire him, which included his ambitions to play pro football and his desire to be a production worker, could have been resolved by granting him an interview. Further, with respect to the plaintiff's race and prior complaint, the record establishes that the plaintiff, when arguing that the defendant should have had a better coordinated personnel system, acknowledged that the defendant did not take into account his race or prior complaint. Based on the plaintiff's own statements and the record, the court concludes that the plaintiff failed to state a claim upon which relief could be granted. Accordingly, the plaintiff's claims, which are based on Title VII and the ICRA, shall be dismissed.

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous and/or for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Denton*, 504 U.S. at 26-27; *Neitzke*, 490 U.S. at 325-27; *Cokeley*, 27 F.3d at 332.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit to the Clerk of Court monthly payments of $5.00 until the $350.00 filing fee is paid in full.

4) The plaintiff's action is dismissed with prejudice.

**DATED** this 6th day of December, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA